<u>**NOT FOR PUBLICATION**</u>                              [Docket Nos. 8 and 28]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CLIFFORD J. LEVINE, : | |
| : | |
| Plaintiff, : | Civil No. 07-1614 (RMB) |
| : | |
| v. : | |
| : | **OPINION AND ORDER** |
| VOORHEES BOARD OF EDUCATION, : | |
| et al., : | |
| Defendants. : | |

**APPEARANCES:**

William B. Hildebrand, Esquire
Law Offices of William B. Hildebrand, LLC
1040 Kings Highway North, Suite 601
Cherry Hill, New Jersey 08034
(856) 482-7100
     Attorney for Plaintiff

William S. Donio, Esquire
Cooper Levenson April Niedelman & Wagenheim, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401-4891
(609) 344-3161
     Attorney for Defendants

**BUMB, United States District Judge**

This matter comes before the Court upon Plaintiff Clifford J. Levine's (1) appeal of the Order of the United States Magistrate Judge Joel Schneider of December 21, 2007 (the "Order") and (2) motion to strike certain affirmative defenses. For the reasons set forth below, the appeal is dismissed and the motion is denied, in part, and granted, in part.

Briefly, Plaintiff filed this action seeking damages for Defendant Voorhees Board of Education's wrongful refusal to renew Plaintiff's contract as an Assistant Principal.  Plaintiff claims that the Defendants violated his rights under the Family and Medical Leave Act and New Jersey's Law Against Discrimination.

A.   Legal Standard

When reviewing the decision of a magistrate in a non-dispositive motion (such as the one currently at issue), a district court is to use the "clearly erroneous" standard of review.  28 U.S.C. 636(b)(1)(A); Wachtel v. Guardian Life Ins. Co., 239 F.R.D. 376, 384 (D.N.J. 2006).  Under this standard, a magistrate's decision "will be set aside only if the order is found to be clearly erroneous or contrary to law."  Id. at 384 (emphasis added) (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1111, 1113 (3d Cir. 1986)).

To be clearly erroneous, an order need not be wholly without any support.  Rather, an "order is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Id. at 384 (quoting Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990)).

When reviewing a magistrate's legal conclusions, the district court conducts a de novo review.  Thomas v. Ford Motor

2

Co., 137 F. Supp. 2d 575, 579 (D.N.J. 2001) (citing 28 U.S.C. § 636(b)(1)(A)-(B)).

    B.    <u>Appeal</u>

During discovery in this matter, Plaintiff served Request for Admissions on Defendant.  Plaintiff alleges that certain of Defendant's responses were evasive or otherwise non-responsive.  At the discovery conference held on November 20, 2007, Plaintiff requested that United States Magistrate Joel Schneider sustain his objections to certain designated responses.  On December 21, 2007, Judge Schneider entered an order overruling some of the objections.  This appeal requests this Court to reverse Judge Schneider's overruling of Plaintiff's objections to Defendant's responses to Plaintiff's Request for Admissions numbers 4, 7, 13 and 27.

After reviewing the papers, this Court finds that Plaintiff is merely seeking to reargue his objections to Defendant's responses.  Plaintiff fails to provide this Court with any convincing basis to alter Judge Schneider's Order.  Judge Schneider clearly considered all the pertinent facts regarding Defendant's responses under Federal Rule of Civil Procedure 36 and Local Civil Rule 36.1.

First, with respect to Request for Admission No. 4, Defendant's response included language indicating its inability to vouch for the truthfulness and correctness of the form, as it

did not contain the appropriate signatures. As Judge Schneider found, it was an appropriate response.

Likewise, Plaintiff's Request for Admission number 27 asks whether an attached performance appraisal was a true and correct copy. Because this document was not signed by Plaintiff or his supervisor, the Defendant appropriately qualified its response as it could not vouch for the document's status as a true and correct copy.

Regarding Admission numbers 7 and 13, Defendant reasonably qualified its answers. Based upon the explanations provided by Defendant in its brief in opposition to this appeal, this Court cannot find that Judge Schneider's finding was clearly erroneous.

Because Plaintiff cannot demonstrate that Judge Schneider's findings were clearly erroneous, Plaintiff's appeal is dismissed.

    C.   Motion to Strike

Plaintiff also seeks to strike certain affirmative defenses "so the parties can concentrate on the more substantive issues involved in the case." See Pl. Mot. at 1. However, because discovery in this matter has not concluded, it would be premature to rule on Defendant's affirmative defenses. An affirmative defense is designed to set forth a short and plain statement as the basis for the defense. See F.R. Civ. P. 8(a). Courts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay. See, e.g., Heller

Fin. Inc. v. Midway Powder Co., 883 F.2d 1286, 1294 (2d Cir. 1989). Moreover, the Third Circuit has cautioned that courts "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986). In other words, a motion to strike affirmative defenses prior to the completion of discovery should be denied except in the clearest of cases.

To determine that an affirmative defense is insufficient, this Court must be convinced that the defense could not succeed under any set of circumstances. Because discovery in this case is incomplete, this Court cannot find that the defenses pled by Defendant are insufficient, with the exception of Affirmative Defense number 18. This defense alleges a failure to comply with the New Jersey Tort Claims Act, but such Act does not apply in this case. See, e.g., Schneider v. Simnonini, 163 N.J. 336 (2000). The remaining affirmative defenses, however, are appropriate at this juncture and will not be stricken.

Accordingly, for the foregoing reasons,

IT IS ON THIS **13th** day of **February** 2008, **ORDERED** that Plaintiff's appeal of the Order of United States Magistrate Judge Joel Schneider, dated December 21, 2007, is **DENIED**; and

IT IS FURTHER **ORDERED** that Plaintiff's motion to strike is **GRANTED** as to Affirmative Defense number 18 only and **DENIED** as to the remaining affirmative defenses; and

IT IS FURTHER **ORDERED** that in light of this Order, the oral argument scheduled for February 19, 2008 is cancelled.

Dated: February 13, 2008          s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge