NOT FOR PUBLICATION                                    [Docket No. 154]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
                                  :
CLIFFORD J. LEVINE,               :
                                  :
          Plaintiff,              :    Civil No. 07-1614 (RMB)
                                  :
     v.                           :
                                  :    MEMORANDUM AND ORDER
VOORHEES BOARD OF EDUCATION,      :
et al.,                           :
                                  :
          Defendants.             :
                                  :
```

APPEARANCES:

William B. Hildebrand, Esquire
Law Offices of William B. Hildebrand, LLC
1040 Kings Highway North, Suite 601
Cherry Hill, New Jersey 08034
(856) 482-7100
     Attorney for Plaintiff

William S. Donio, Esquire
Cooper Levenson April Niedelman & Wagenheim, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401-4891
(609) 344-3161
     Attorney for Defendants

**BUMB, UNITED STATES DISTRICT JUDGE**:

On April 5, 2007, Clifford J. Levine ("Plaintiff") filed a Complaint against the defendant, Voorhees Board of Education, as well as other unnamed defendants, (collectively, the "Defendants") alleging disability discrimination due to a psychological condition under the Federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. (Counts 1 and 2),

and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, et seq. (Counts 3 and 4). Almost two and one-half years later, after extensive and hotly contentious discovery requiring significant judicial involvement, Plaintiff now seeks dismissal of this case, pursuant to Federal Rule of Civil Procedure 41(a), by voluntarily abandoning his federal claims[1] and requesting that the Court decline supplemental jurisdiction over the remaining state-law claims. For the reasons set forth herein, the Court will deny Plaintiff's motion.

### A.   Voluntary Dismissal

A dismissal after service of a defendant's answer, in the absence of a stipulation of the parties, requires an order of the court. In re Diet Drugs Prods. Liab. Litig. Rubin, 85 Fed. App'x 845, 847 (3d Cir. 2004). Such a court-ordered dismissal is governed by Rule 41(a)(2), which provides:

> [A]n action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph is without prejudice.

---

[1] According to the Declaration of William B. Hildebrand, Esq., Plaintiff's counsel, the "parties have consented and agreed that Plaintiff's FMLA claims should be dismissed, leaving only his State Law claims undecided." (Hildebrand Decl. ¶ 3.)

Fed. R. Civ. P. 41(a)(2).[2]

Dismissal pursuant to Rule 41(a)(2) "is a matter entrusted to the discretion of the district court." Thomas & Betts Corp. v. Richards Mfg. Co., No. 01-4677, 2007 WL 1237852, *14 (D.N.J. Apr. 26, 2007) (citing Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991)). "As a general matter, a district court considering a plaintiff's motion for voluntary dismissal must 'decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint.'" Rubin, 85 Fed. App'x at 847 (quoting Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974)). Accordingly, if the defendant would be prejudiced, dismissal should not be granted. Specifically, dismissal should not be granted if it is sought to avoid an adverse decision, to seek more a favorable forum, or to avoid compliance with a court order. 35B C.J.S. Fed. Civ. P. § 751 (2009) (citing Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354 (10th Cir. 1996); Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941 (8th Cir. 1999); Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989 (E.D. Va. 1998)).

**B.   Subject-Matter Jurisdiction**

---

[2] Although Plaintiff does not specify that his motion is pursuant to subsection 2, the only alternative, subsection 1, would not apply in this case. Subsection 1 permits voluntary dismissal without a court order only before a responsive pleading has been filed or with the adversary's consent, neither of which conditions apply to this motion.

If a federal court lacks subject-matter jurisdiction over an action, the court must dismiss the action. <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72, 76-77 (3d Cir. 2003). Such dismissal is not pursuant to Rule 41(a)(2) -- the requirements of which are described above -- because dismissal for lack of subject-matter jurisdiction is normally non-discretionary.

However, a court may, in its discretion, decline to exercise supplemental jurisdiction over a claim if all other claims over which it had original jurisdiction have been dismissed. Section 1367(c) of Title 28 of the United States Code provides that:

> [T]he district court[] may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it had original jurisdiction. . . .

28 U.S.C. § 1367(c). It is well established that in such cases, dismissal is discretionary. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.").

However, the Third Circuit has, to some extent, cabined district courts' discretion in such cases. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state claims unless consideration of judicial economy, convenience, and fairness to the parties provide an

affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). In other words, courts may not exercise their discretion arbitrarily in maintaining jurisdiction over remaining pendent claims; they may retain jurisdiction only when considerations of judicial economy, convenience, or fairness justify such a decision. A district court should consider and weigh in each case, and at every stage of the litigation, these considerations in deciding whether to exercise jurisdiction over a case involving pendent state-law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988).

### C. Application to This Case

Based upon the foregoing, it is clear that the Court's decision of whether to maintain supplemental jurisdiction over state-law claims in this case is discretionary. Plaintiff argues generally that this Court should decline to exercise supplemental jurisdiction over his state-law claims because, he avers, the parties will likely reach trial sooner in a new state court proceeding. Defendants, however, argue that this case presents a unique opportunity for the Court to exercise supplemental jurisdiction, as this case presents extraordinary circumstances not normally present in cases that come before the Court.

It is telling that the parties' descriptions of the case heretofore are quite different. Plaintiff contends that this case is typical of many other federal cases. Defendants strongly

disagree -- and for good reason.  This case is far from typical. Rarely, if ever, has this Court seen a case that has consumed the extent of judicial resources as this one.  Since the filing of the Complaint, nine formal motions and numerous informal motions/applications have been filed, three appeals of Magistrate Judge Schneider's decisions have been filed (one is currently pending), extensive disagreements regarding discovery have taken place, countless letters to the Court have been filed, and an inordinate amount of time has been spent by Magistrate Judge Schneider in resolving disputes.  In short, immense judicial resources have already been spent on this litigation.

The purpose underlying supplemental jurisdiction is judicial efficiency.  For this reason, district courts may maintain jurisdiction over a state claims if "extraordinary circumstances" warrant continued jurisdiction.  See <u>New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc.</u>, 101 F.3d 1492, 1508 (3d Cir. 1996) (upholding the district court's supplemental jurisdiction where a single claim shifted "mid-action" from a federal- to state-law claim).  The Court concludes that the interest of judicial efficiency requires its continued exercise of supplemental jurisdiction in this case.

To be clear, the extensive discovery in this case does <u>not</u> motivate the Court's decision to maintain supplemental jurisdiction.  Extensive discovery is present in virtually every federal case and the volume of discovery required for this case

6

has been comparably unremarkable.  Rather, the Court maintains jurisdiction in this case because it has already invested abnormally substantial resources into this proceeding.  A review of the docket alone tells the story of a two and one-half year old case involving numerous motions, countless letters and affidavits, numerous in-person conferences (both formal and informal), over fifty Court Orders and/or Opinions, and three appeals of the decisions of the Magistrate Judge.  A bare review of the docket, however, does not begin to convey the tremendously hard work already performed in this case by Magistrate Judge Schneider and this Court.  Almost every motion and/or application has been uncommonly acrimonious.  The amount of judicial resources and energy that has gone into each one of these motions cannot be overstated.

Plaintiff also contends that the interest of fairness weighs in favor of allowing his state-law claims to be heard in state court because his case is likely to go to trial sooner there.  Quite the contrary, a new state-court proceeding would prolong resolution of this matter.  Dispositive motions before this Court are due next week -- on August 14, 2009 -- and expert discovery is in progress.  In the event this case survives summary judgment, the Court is prepared to try it immediately.

In fact, the interests of fairness and convenience weigh decisively in favor of a prompt resolution before this Court. After litigating this matter here for two-and-a-half years,

Defendants should not be burdened with more acrimonious motions, appeals, and delays before a new state-court judge.  Such a result would be plainly unfair and inconvenient.  If ever there were a case in which the discretionary exercise of supplemental jurisdiction were warranted, this is that case.

Finally, the Court notes an additional, independent reason for its decision to retain jurisdiction here.  The procedural mechanism by which Plaintiff has sought dismissal of this action is Rule 41(a).  However, a Rule 41(a) dismissal should not be granted if it is sought to avoid an adverse decision, to seek more a favorable forum, or to avoid compliance with a court order.  35B C.J.S. Fed. Civ. P. § 751 (2009).  In other words, Rule 41(a) is a plaintiff's vehicle to back-out of an action in good faith; it is not properly a mechanism for procedural gamesmanship or to gain strategic advantage in the course of litigation.

Plaintiff has failed to provide any plausibly legitimate reason for seeking a Rule 41(a) dismissal, particularly in light of the fact that he intends to pursue his claims in another forum.[3]  The Court is therefore left to conclude that Plaintiff employs Rule 41(a) to gain strategic advantage over his adversary, either by further delaying resolution of this

---

[3] As previously discussed, the Court cannot accept Plaintiff's purported justification for this motion -- namely, that starting this litigation anew in state court will hasten resolution of this case -- as anything more than pretextual.

litigation (thus avoiding compliance with the Court's scheduling orders), or by seeking another judge in hopes of getting legal rulings more favorable to his case.  The Court cannot countenance either litigation tactic.  See In re BellSouth Corp., 334 F.3d 941, 958 (11th Cir. 2003) (holding generally that judge-shopping is "subject to universal condemnation" and "constitutes a threat to the orderly administration of justice"); In re Akros Installations, Inc., 834 F.2d 1526, 1532 (9th Cir. 1987) (describing delay as an "abusive litigation tactic").  Accordingly, in addition to the factors of judicial economy, fairness, and convenience weighing heavily in favor of continued federal jurisdiction, the Court cannot grant Rule 41(a) voluntary dismissal given the impermissible reasons for which it is apparently sought.

Thus, for all of these reasons, IT IS on this, the **6th** day of **August** **2009**, hereby

**ORDERED** that Plaintiff's motion to dismiss shall be **DENIED**; the Court will continue to exercise supplemental jurisdiction over the state-law claims in this case.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge