**NOT FOR PUBLICATION**                               [Docket No. 158]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CLIFFORD J. LEVINE,                 :
                                    :
            Plaintiff,              :    Civil No. 07-1614 (RMB)
                                    :
       v.                           :
                                    :    **MEMORANDUM AND ORDER**
VOORHEES BOARD OF EDUCATION,        :
et al.,                             :
            Defendant.              :
_____:

**APPEARANCES:**

William B. Hildebrand, Esquire
Law Offices of William B. Hildebrand, LLC
1040 Kings Highway North, Suite 601
Cherry Hill, New Jersey 08034
(856) 482-7100
     Attorney for Plaintiff

William S. Donio, Esquire
Cooper Levenson April Niedelman & Wagenheim, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401-4891
(609) 344-3161
     Attorney for Defendants

**BUMB, United States District Judge**

This matter comes before the Court upon Plaintiff Clifford J. Levine's Appeal of Magistrate Judge's July 21, 2009 Order (the "Order").[Docket No. 158] For the reasons set forth below, the appeal is dismissed.

1

The facts and procedural history of this case are well known to the parties. Accordingly, the Court will address only the facts relevant to the instant appeal.

Defendant Voorhees Township Board of Education sought access to Plaintiff's medical records which detailed Plaintiff's care and treatment for various psychiatric and/or psychological disorders. Magistrate Judge Joel Schneider determined that because Plaintiff had placed his psychiatric condition "in issue," the medical records were discoverable. Due to the confidential nature of Plaintiff's medical records, on May 8, 2009, Judge Schneider issued an Order [Docket No. 137] requiring that these documents be protected pursuant to the terms of a detailed Confidentiality Order [Docket No. 63]. In his Order, Judge Schneider granted the Defendant permission to show its expert's report, the report of Dr. Edward Tobe, to the nine Board members. Defendant had represented that this was necessary for the Board to prepare for trial and/or to entertain settlement discussions. Judge Schneider ruled that the Tobe report was to be deemed confidential pursuant to the Confidentiality Order in the case. He also ruled that before any Board member could review the report, he or she had to provide Plaintiff with the signed acknowledgment attached to the Confidentiality Order.

On July 21, 2009, Judge Schneider considered this issue again upon the motion to reconsider filed by Plaintiff. Judge

Schneider considered it de novo, and reaffirmed his ruling of May 8, 2009. It is this July 21, 2009, Order that Plaintiff appeals.

**APPEAL**

Plaintiff contends that the Order allowing disclosure to the Board of Education members is unwarranted, unnecessary, and premature. First, Plaintiff argues, the report has not yet been written; therefore, noone knows for sure what it will say. Plaintiff further argues that once the report is written, it is too late to try to "take back" any highly sensitive information. Plaintiff also contends that there are other reasons why the report itself should not be distributed to individual Board Members. The individual members have not been sued, are constantly changing, and Plaintiff does not even know who they are. He further argues that the history of his medical and psychiatric care is entitled to the "highest possible degree of protection, to ensure that the information is disseminated on a strict 'need to know' basis." (Plaintiff's Br. at p.2) Plaintiff argues that the Order increases the chances of a "potential leak exponentially." Id.

Defendant, however, argues that Plaintiff fails to provide any new law or facts challenging the basis of Judge Schneider's May 8 and July 21, 2009, rulings which hold that Dr. Tobe's report is to remain confidential. The Board further argues that Judge Schneider correctly addressed Plaintiff's concerns of

disclosure of Plaintiff's private medical information by "taking all reasonable precautions to limit the distribution of Dr. Tobe's report." (Defendant's Br. at p. 11)

Defendant states that the Plaintiff "provides no legal or factual showing that the Magistrate Judge made any mistake or decision contrary to law." Id. at 12.

A. **LEGAL STANDARD**

When reviewing the decision of a magistrate in a non-dispositive motion (such as the one currently at issue), a district court is to use the "clearly erroneous" standard of review. 28 U.S.C. 636(b)(1)(A); Wachtel v. Guardian Life Ins. Co., 239 F.R.D. 376, 384 (D.N.J. 2006). Under this standard, a magistrate's decision "will be set aside only if the order is found to be clearly erroneous or contrary to law." Id. at 384 (emphasis added) (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1111, 1113 (3d Cir. 1986)).

To be clearly erroneous, an order need not be wholly without any support. Rather, an "order is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. at 384 (quoting Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990)).

When reviewing a magistrate's legal conclusions, the

4

district court conducts a de novo review.  Thomas v. Ford Motor Co., 137 F. Supp. 2d 575, 579 (D.N.J. 2001) (citing 28 U.S.C. § 636(b)(1)(A)-(B)).

B.  **ANALYSIS**

Plaintiff fails to provide this Court with any convincing basis to alter Judge Schneider's Order.  The Tobe report is to remain confidential.  As evidenced by Judge Schneider's thoughtful analysis conducted at the hearing on July 21, 2009, Judge Schneider clearly considered Plaintiff's need for confidentiality and balanced that with the Board members' need to review the report in order to assist the Defendant in its trial preparation and/or settlement discussions.  In so doing, the Court ruled that the members could only review the Tobe report after first signing an agreement to be bound by the Confidentiality Order.

Judge Schneider also properly rejected the Plaintiff's proposed "wait-and-see" approach.  As the Court found, this would result in piecemeal litigation, further delaying the case.  This Court agrees.

For these reasons, the Court finds that the July 21, 2009, Order was not clearly erroneous and, therefore, dismisses the appeal.

**CONCLUSION**

IT IS ON THIS **1st** day of **September 2009**, hereby **ORDERED** that

5

Plaintiff's appeal of the Orders of United States Magistrate Judge Joel Schneider, dated May 8 and July 21, 2009, is **DENIED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge
