<u>NOT FOR PUBLICATION</u>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CLIFFORD J. LEVINE, | : | |
| Plaintiff, | : | Civil No. 07-1614 (RMB) |
| v. | : | |
|  | : | **OPINION** |
| VOORHEES BOARD OF EDUCATION, et al., | : | |
| Defendants. | : | |

APPEARANCES:

William B. Hildebrand, Esquire
Law Offices of William B. Hildebrand, LLC
1040 Kings Highway North, Suite 601
Cherry Hill, New Jersey 08034
(856) 482-7100
    Attorney for Plaintiff

William S. Donio, Esquire
Cooper Levenson April Niedelman & Wagenheim, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401-4891
(609) 344-3161
    Attorney for Defendants

**BUMB, UNITED STATES DISTRICT JUDGE**:

    On April 13, 2010, trial began on Plaintiff Clifford J. Levine's ("Plaintiff") claims against the Voorhees Township Board of Education (the "Board" or the "Defendant") for an alleged violation of the New Jersey Law Against Discrimination ("NJLAD") in failing to rehire him as an Assistant Principal/Supervisor for

the 2005-2006 school year.  On April 23, 2010, the jury rendered its verdict, finding that Plaintiff had failed to prove that he had a disability, an essential element of the NJLAD.

Plaintiff now moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, a new trial pursuant to Federal Rule of Civil Procedure 59.  For the reasons set forth below, the Court denies both the motions.[1]

**A.   Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 50(b)**

A motion for judgment as a matter of law may be granted where the "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party..."  Fed. R. Civ. P. 50(a).  If the court does not grant the party's motion made under Rule 50(a), the party may file a renewed motion for judgment as a matter of law under Rule 50(b) no later than ten days after the entry of judgment.  Fed. R. Civ. P. 50(b).  The same standard applies for motions made under both 50(a) and 50(b).

Judgment as a matter of law under Rule 50 "should only be granted if 'the record is critically deficient of that minimum

---

[1] Because the parties are familiar with the facts of this case, the Court does not recite them here.  Moreover, the Court notes that the Plaintiff has failed to support his motions with any transcripts of testimony from the trial.  The Court, therefore, relies on its recollection of the testimony, aided by the parties' recollections set forth in their papers, in resolving the within motions.

quantity of evidence from which a jury might reasonably afford relief.'" Raiczyk v. Ocean County Veterinary Hospital, 377 F.3d 266, 269 (3d Cir. 2004) (quoting Powell v. J.T. Posey Co., 766 F.2d 131, 133-34 (3d Cir. 1985)). "'The question is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could properly have found its verdict.'" Johnson v. Campbell, 332 F.3d 199, 204 (3d Cir. 2003) (quoting Gomez v. Allegheny Health Servs., Inc., 71 F.3d 1079, 1083 (3d Cir. 1995)).

In support of his Rule 50(b) motion, Plaintiff argues that the undisputed evidence conclusively established that Levine suffered from a qualifying disability. Plaintiff avers that the evidence demonstrated that he

> has undergone an uninterrupted course of psychiatric treatment which has lasted for more than *five years*. He requires psychiatric consultation and anti-psychotic drugs; without these, his symptoms could rapidly reappear. As a result of Dr. Gruenberg's misdiagnosis and inappropriate treatment regimen, Mr. Levine's symptoms reappeared in November, 2005, resulting in a month-long hospitalization. Fortunately, Dr. Hoyme's treatment regimen was effective in stabilizing his condition following this hospitalization. In fact, Dr. Hoyme's treatment was so effective, Mr. Levine questioned whether he needed to continue to take his medications at all. This resulted in a controlled 'experiment.' During the summer of 2006, Mr. Levine stopped taking his medications. As a result, his symptoms rapidly reappeared, resulting in a second involuntary hospitalization.

Plaintiff's Mem. at 20.

3

Plaintiff argues that any condition that requires five years of treatment and medication, and multiple hospitalizations, qualifies as a "disability" under the minimal standards of the LAD.  See Tynan v. Vicinage 13 of Superior Court, 351 N.J. Super. 385, 399 (App. Div. 2002)(noting that post-traumatic stress disorder, panic attacks and depression may qualify as "disabilities" under the LAD).  See also Olsen v. GE Astrospace, 966 F.Supp. 312, 316 (D.N.J. 1997)(noting that depression and other mental disorders qualify as "handicaps" under the statute).

Plaintiff's initial argument, that the issue of whether or not Plaintiff suffered from a disability was never an issue in dispute, is incorrect.  At the summary judgment stage of the proceedings, the Court, construing all reasonable inferences in favor of the Plaintiff, held that an issue existed as to whether or not Plaintiff suffered from a disability.  See Opinion December 23, 2009, at 30 ("Construing all reasonable inferences in Plaintiff's favor, the Court finds that a genuine issue of fact exists as to whether Plaintiff suffers from a disability recognized by NJLAD.").  Plaintiff's primary argument that the evidence conclusively established his disability at the time of the termination decision, is also incorrect.  Although Plaintiff correctly points out that the burden of proving a disability is usually a relatively easy one, the issue was far more complicated in this case:  Plaintiff's own evidence created an issue of fact

4

as to whether or not Plaintiff suffered from a disability. Plaintiff called Dr. James Hoyme as an expert who testified that Plaintiff suffered from a psychotic disorder, a clear disability, at the time of the adverse decision by the Board.  Dr. Hoyme also testified that he disagreed with the diagnosis of Plaintiff's treating physician, Dr. Alan Gruenberg.  Dr. Gruenberg's diagnosis was that Plaintiff had suffered from an acute stress disorder that had completely resolved prior to his termination. This evidence alone was enough to sustain a finding that prior to May 4, 2005, (the date of Plaintiff's non-renewal), Plaintiff did not suffer from a disability.  Moreover, Superintendent Raymond Brosel, Assistant Superintendent Frances Collins, Principal Diane Young, and Plaintiff, among others, all testified to Plaintiff's failure to advise of any illness and/or need for accommodation to do his job, testimony which the jury could conclude directly related to Plaintiff's lack of a disability.

In short, there was more than a "legally sufficient evidentiary basis" for the jury to find for the Defendant.  The testimony, as generally described above, was sufficient to support a finding that Plaintiff was not disabled.

**B.   Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 59**

In the alternative, Plaintiff requests a new trial pursuant to Federal Rule of Civil Procedure 59.  Federal Rule of Civil Procedure Rule 59(a) provides, in relevant part, that:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

A new trial may be ordered "if the verdict was against the weight of the evidence...,if counsel engaged in improper conduct that had a prejudicial effect upon the jury, or if the court committed a significant error of law to the prejudice of the moving party." Strauss v. Springer, 817 F. Supp. 1211, 1214 (E.D.Pa. 1992) (citations omitted). A trial court judge has the discretion to grant a motion for a new trial if there has been a miscarriage of justice. In the absence of such a finding, the judge must respect the jury's verdict. Shanno v. Magee Indus. Enters., Inc., 856 F.2d 562, 567 (3d Cir. 1988); but see Magee v. General Motors Corp., 213 F.2d 899, 900 (3d Cir. 1954) (It is the Court's obligation "to see that right and justice are done . . ., setting aside the verdict and granting a new trial if in the exercise of a sound discretion [the Court] thinks such action necessary to prevent an unjust result."). Where a motion for a new trial is based primarily on the weight of the evidence, the trial court's discretion is more limited, and a court should grant such a motion only if the record shows that the jury's verdict resulted in a miscarriage of justice or shocks the conscience. Carpet Group Int'l. Et al v. Oriental Rug Importers Association, Inc., 2005 U.S. Dist. Lexis 41855, *5-*6 (D.N.J. 2006).

6

Plaintiff contends that the Court committed several errors that ultimately contributed to an erroneous result.  First, Plaintiff alleges that the Court erred in submitting the first prong of his prima facie case to the jury.  Yet, as discussed above, Plaintiff's prima facie case (his disability) was in dispute.  In such instance, the Court was correct in submitting this issue to the jury.  Viscik, 173 N.J. at 16.  See also, Domurat v. CIBA Speciality Chemicals Corp., 353 N.J. Super. 74, 91 (2002)("a trial judge is not compelled to find as a matter of law that a plaintiff is handicapped under the LAD. . . where there is sufficient evidence in the record to support a contrary finding [of nondisability] by a jury.").

The Plaintiff next complains that the Court erred when it offered a limiting instruction regarding Dr. Hoyme's testimony.  The Court gave a limiting instruction to the jury so that the jury would not improperly use after-acquired evidence (Plaintiff's subsequent psychotic episodes) as a justification for the Board's decision.  Although Plaintiff now argues that neither party requested a limiting instruction, the record is to the contrary.  Defendant sought, in limine, permission to cross-examine Dr. Hoyme on evidence relating to Plaintiff's mental condition that occurred after the Board had terminated the Plaintiff, but upon which Dr. Hoyme relied in rendering his expert opinion.  The Court found that such evidence was relevant and probative because Dr. Hoyme did not consult with the

7

Plaintiff until <u>after</u> his termination, and Dr. Hoyme relied upon subsequent events (post-termination) in rendering his expert opinion at trial.  As the Court ruled, Dr. Hoyme's reliance of post-termination events was relevant to the weight of Dr. Hoyme's testimony.  Dr. Hoyme's testimony clearly established that his expert opinion relied upon information he received about the Plaintiff's mental condition months after Plaintiff's termination.  Plaintiff argued, quite successfully, to bar much of the after-acquired evidence, arguing that it was not relevant and/or prejudicial.  As the Court ruled, however, Plaintiff could not have it "both ways."  That is, he could not call an expert who would testify that Plaintiff suffered from a disability at the time of termination based, in significant part, upon facts he had learned post-termination, and also prevent the Defendant from inquiring into those underlying facts/bases of the expert's opinion.  Thus, the limiting instruction.  In order to ensure that the jury would use this evidence for a limited, permissible purpose only, that is, assessing the weight, if any, to Dr. Hoyme's opinion, the Court gave a limiting instruction.  A limiting instruction is the "standard tool" for limiting the use of evidence "properly admitted for a limited purpose."  Wright & Graham, 21A <u>Fed. Prac. & Proc. Evid.</u> § 5066 (2d ed. WL 2010).

In conclusion, this Court concludes that no miscarriage of justice occurred in this case nor were there any "manifest

error[s] of law or fact," which would warrant the granting of the motion for a new trial.

Accordingly, for the reasons above, Plaintiff's motions for judgment as a matter of law and for a new trial are denied.  An accompanying Order shall issue this date.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: July 9, 2010